ROBERTSON *v.* LAIN.

Opinion delivered March 16, 1925.

1. EXCHANGE OF PROPERTY—RESCISSION.—Evidence *held* to sustain the chancellor's finding that there had been a mutual rescission of a contract for the exchange of standing timber for an automobile.

2. FRAUDS, STATUTE OF—ORAL RESCISSION OF DEED TO TIMBER.—An oral agreement to rescind a contract, whereby an owner of land conveyed by deed the standing timber on the land together with a note for an additional sum in exchange for an automobile, *held* not in contravention of the statute of frauds where the automobile was returned prusuant to the agreement to rescind, and where the grantee had never taken possession of the timber.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; affirmed.

STATEMENT OF FACTS.

J. N. Robertson brought this suit in equity against King Lain and Minnie Lain, his wife, to quiet his title to a certain tract of land in Cleveland County, Arkansas, and to restrain the defendant from interfering with him in cutting and removing the timber from said land.

J. N. Robertson was a witness for himself. According to his testimony he exchanged an automobile, which he valued at $775, with King Lain for the timber on a forty-acre tract of land owned by him, and for $375 evidenced by the note of Lain. Lain executed a deed to the timber on said land to J. N. Robertson.

King Lain was the principal witness for himself. He admitted making the trade testified to by Robertson. According to his testimony, however, Robertson was to put the automobile in first-class condition, and failed to do it. After keeping the automobile two or three weeks, Lain made an agreement with Robertson whereby the latter was to take the car back and give Lain back his note and timber deed. Robertson took the car back, but failed to surrender the timber deed or to convey the timber back to Lain. Subsequently Robertson sent a man to cut the timber from the land, and Lain stopped him from

cutting it. The timber on the land was of little value, but was valued in the trade at $400.

Wallace Hobson, an automobile mechanic, was also a witness for the defendants. According to his testimony, he heard the parties say that Robertson had traded the car to Lain for some timber and the balance to be evidenced by a promissory note. Robertson was to fix the car, but failed to do it. After the trade, the car was brought to the shop, and stayed there two or three weeks, and then Robertson took the car back. He heard the parties say that, as he expressed it, they were going to rue back because Lain was not satisfied with the car.

W. L. Overton, Jr., was another witness for the defendants. He testified that Lain kept the car eight or ten days, and it was understood that Robertson was to have the car repaired. Robertson failed to have the car repaired, and the witness spoke to Lain about buying it. Lain refused to make a price on the car on the ground that he had let Robertson have it back. The witness then asked Robertson what he wanted for the car, and Robertson said $700.

The chancellor found the issues in favor of the defendants, and from a decree in their favor the plaintiff has duly prosecuted this appeal.

*George Brown,* for appellant.

*Woodson Mosley,* for appellee.

HART, J., (after stating the facts). The decision of the chancellor on the facts was sustained by a preponderance of the evidence, and, under the settled rules of this court, it will not be set aside upon appeal.

The defense of Lain to the suit was that the original contract, whereby he conveyed to Robertson some timber for the automobile, was rescinded. On this point Robertson denied that the contract had been rescinded, and stated that he took the car back because, on account of short crops, Lain was unable to pay the difference between the agreed value of the car and the timber which he sold to Robertson.

On the other hand, Lain testified positively that they agreed to rescind the contract in whole, and that, pursuant to this agreement, he gave the car back to Robertson, and the latter agreed to give him back his timber deed. Lain said that the reason the trade was rescinded was because Robertson had refused to make certain repairs on the car which he had agreed to make.

Lain's testimony is corroborated by that of the automobile mechanic where the automobile was delivered by Lain to be repaired. The repairs were not made as had been agreed upon, and Robertson then took the car back in two or three weeks.

Another witness testified that Lain told him that he had delivered the car back to Robertson, and could not sell it to him. Robertson admitted that he had received the car, and proposed to sell it to this witness for $700. Therefore a preponderance of the evidence on this point is in favor of the defendants, and the chancery court correctly held that the parties had rescinded the contract.

The plaintiff contends, however, that the rescission, if made, was an oral one, and therefore void under the statute of frauds. Counsel for the plaintiff contends that the conveyance of timber by the timber deed was a conveyance of an interest in the land, and that the land could not be reconveyed to Lain by Robertson by an oral contract. Hence they contend that the court erred in not finding for the plaintiff under the rule laid down in *Arkmo Lumber Co.* v. *Cantrell,* 159 Ark. 445.

This would be true if the plaintiff had entered into the possession of the land before the oral contract of rescission had been made. In that event the contract would have been fully executed, and it would have required a deed to have reconveyed the land to Lain.

The record shows, however, that Robertson never entered into possession of the land or took possession of the timber on it. The oral contract for a rescission was made, and the automobile was delivered by Lain to Robertson pursuant to the contract of rescission. Because of this fact, and for the further reason that Robertson

had never taken possession of the land, Lain would be allowed to defend this suit under the principles announced in *Atkinson* v. *Thomas,* 138 Ark. 47.

It follows that the decree will be affirmed.